**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4258**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHAD TERRY,

Defendant - Appellant.

―――――――――

**No. 07-4300**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRANDY RENEE DOWELL,

Defendant - Appellant.

―――――――――

Appeals from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, Chief District Judge; Glen M. Williams, Senior District Judge. (1:01-cr-00008-jpj; 1:03-cr-00092-gmw)

―――――――――

Submitted: August 27, 2007        Decided: October 24, 2007

―――――――――

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, Christine Madeleine Spurell, Research and Writing Attorney, Abingdon, Virginia, for Appellants. John L. Brownlee, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chad Terry and Brandy Renee Dowell ("Appellants") were both sentenced to two years of imprisonment following their guilty pleas to violating supervised release. On appeal, we granted the Appellants' unopposed motion to consolidate. Appellants argue that their sentences, which are above the advisory Sentencing Guidelines range but within the statutory maximum, constitute reversible error. For the reasons that follow, we affirm.

We do not find that Appellants' two-year sentences are plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006) (providing review standard), cert. denied, 127 S. Ct. 1813 (2007). Although neither district court specifically discussed by name the 18 U.S.C. § 3553(a) factors applicable to supervised release sentences, see 18 U.S.C. § 3583(e), both courts gave reasons for the sentences that fit within factors outlined in § 3553(a). In short, both courts explained sufficiently why the defendants were given sentences outside their advisory sentencing ranges. See United States v. Rita, 127 S. Ct. 2456, 2469 (2007) (noting that "[w]here a [sentencing] matter is . . . conceptually simple" and the record makes clear that the sentencing judge considered the evidence and arguments, "we do not believe the law requires the judge to write more extensively"); United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (stating district court need not "robotically tick through § 3553(a)'s every subsection" or

"explicitly discuss every § 3553(a) factor on the record")
(internal quotation and citations omitted)).

Accordingly, we affirm the sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED